UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BRANDON A. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> DYNAMIC RECOVERY SOLUTIONS, LLC and PENDRICK CAPITAL PARTNERS, LLC, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 3:19-cv-50201 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes BRANDON A. JOHNSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DYNAMIC RECOVERY SOLUTIONS, LLC ("DRS") and PENDRICK CAPITAL PARTNERS, LLC ("PCP") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and a substantial amount of the events that gave rise to this action occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person and a consumer over-the-age of 18 residing in DeKalb County, Illinois, which is within the Northern District of Illinois.

5. DRS boasts that it has "50 combined years in the accounts receivables industry[.]"[1] DRS is a limited liability company organized under the laws of the State of South Carolina with National Registered Agents, Inc. as its registered agent, located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. DRS engages in collection activities in several different states, including the State of Illinois.

6. PCP advertises that its "management team has worked together for many years and collectively has more than 100 years of experience in healthcare receivables management."[2] PCP is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1714 Hollinwood Drive, Alexandria, Virginia 22307. PCP identifies itself as a debt collector and has been a member of the ACA since 2010.[3] PCP regularly collects from consumers in Illinois.

7. PCP is DRS's principal. Consequently, PCP is liable for DRS's actions as it exercises control over DRS's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

---

[1] https://www.gotodrs.com/about-us
[2] https://www.pendrickcp.com/#about
[3] https://www.acainternational.org/search#memberdirectory

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendants' attempts to collect upon medical bills ("subject debts") Plaintiff purportedly owed to Swedish American Hospital.

11. Around the summer of 2019, DRS started collecting upon the subject debts by mailing collection letters to Plaintiff.

12. Plaintiff did not recognize the subject debts and contacted DRS to question the validity of the subject debts.

13. Instead of answering Plaintiff's inquiries, DRS directed Plaintiff to contact the alleged originator(s) of the subject debts.

14. Plaintiff re-issued his validation request to DRS after the purported originator(s) of the subject debts did not address Plaintiff's inquiries.

15. On July 19, 2019, DRS mailed or caused to be mailed to Plaintiff multiple collection letters via U.S. Mail in an attempt to collect upon the subject debts.

16. DRS's July 19, 2019 letters included the purported validation of the subject debts, which were provided by PCP.

17. The letters referenced in paragraph 16 confused Plaintiff as DRS listed "Infinity Healthcare" as the current creditor, but the validation of the subject debts were provided by PCP, another debt collector.

18. The contradicting information in DRS's letters obfuscated the identity of the entity which supposedly owns the subject debts.

19. Moreover, the above-referenced letters also itemized a $0.00 balance for the following items: "Ck Chng/Fee" and "Costs[.]"

20. Plaintiff was deceptively led to believe that Defendants had the lawful ability to collect fees and costs through the inclusion of the above-referenced items, when no such right existed in the underlying contract, and/or when Defendants did not intend to collect fees and costs.

21. Upon information and belief, Plaintiff allegedly incurred the subject debts several years ago and the statute of limitations to collect through a lawsuit has passed.

22. Based on the contents of Defendants' letters, the outstanding balances of the subject debts have remained stagnant for years.

23. Additionally, Defendants failed to inform Plaintiff that he could no longer be sued to collect upon the subject debts and that Plaintiff could waive his rights under the statute of limitations by making a payment and/or promising to make a payment.

24. Accordingly, Plaintiff spoke with Sulaiman regarding the correspondences, resulting in pecuniary loss and expenditure of resources.

25. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of their business.

30. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendants violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in their collection correspondences that they had the ability to add fees and costs to the subject debts. The inclusion of the above-referenced line items misleadingly suggests to consumers the false possibility that Defendants could collect an amount that would be above and beyond that which

5

was outlined as the total due on the collection letters. In addition, not only were these fees and costs not part of the underlying agreement between Plaintiff and Swedish American Hospital, but Defendants also did not intend to collect fees and costs. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such fees and costs. Defendants intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debts with Defendants, then a debt collector may add fees and costs – even though such fees and costs were not lawfully collectible. Defendants used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debts with Defendants, lest he be subjected to fees and costs upon the subject debts.

34. Defendants also violated 15 U.S.C. §§ 1692e and e(10) when they employed deceptive means to collect upon the subject debts. Specifically, it was deceptive for Defendants to confuse Plaintiff as to the current owner of the subject debts through contradicting information in its correspondences. Moreover, it was deceptive for Defendants to obfuscate the fact that Plaintiff could waive the protections he is afforded by the statute of limitations if he made a payment or promised to make a payment towards the subject debts.

    b. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

37. Defendants violated §1692f and f(1) when they unfairly suggested that they could collect additional amounts above and beyond the total balance due as represented in its collection letters.

6

Because Defendants were precluded from adding anything to the balance of the subject debts, the above referenced portions of the collection letters violate the FDCPA.

WHEREFORE, Plaintiff, BRANDON A. JOHNSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 19, 2019                             Respectfully submitted,

s/ Nathan C. Volheim                               s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                            *Counsel for Plaintiff*
Admitted in the Northern District of Illinois      Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                           thatz@sulaimanlaw.com